**IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF GEORGIA AUGUSTA DIVISION**

SOHAIL M. ABDULLA, *
*
Plaintiff, *
*
v. * CV 121-099
*
SOUTHERN BANK, *
*
Defendant. *

**O R D E R**

Presently before the Court are Defendant's motion to dismiss the Amended Complaint (Doc. 39) and Defendant's motion to strike portions of the Amended Complaint (Doc. 40). For the following reasons, Defendant's motion to dismiss is **GRANTED** and Defendant's motion to strike is **DENIED AS MOOT**.

**I. PROCEDURAL HISTORY**

On January 3, 2022, this Court granted in part Defendant's original motion to dismiss, dismissing Plaintiff's claims under the Federal Trade Commission Act ("FTCA"), the Gramm-Leach-Bliley Act ("GLBA"), the Privacy Act of 1974 ("Privacy Act"), and the Fair Credit Reporting Act ("FCRA"). (Doc. 30.) Further, the Court found the remainder of Plaintiff's complaint to be an impermissible shotgun pleading and directed him to file an amended complaint in compliance with Federal Rules of Civil Procedure 8(a)(2) and 10(b).

(Id. at 11.) Specifically, Plaintiff was instructed to set forth each of his claims as separate counts and clearly allege the appropriate facts under each one; to make each claim separately and distinctly numbered and stated plainly and succinctly; to avoid conclusory and vague statements and state the specific facts that support each claim; and to eliminate any extraneous material and make clear which facts pertain to which count. (Id. at 11-12.)

On January 18, 2022, Plaintiff filed his Amended Complaint against Defendant, asserting three claims: (1) breach of contract; (2) accounting; and (3) illegal entry of safety deposit box. (Am. Compl., Doc. 35, at 17-19.) On February 1, 2022, Defendant filed the pending motions seeking to dismiss the Amended Complaint as well as to strike certain paragraphs from the Amended Complaint. (Docs. 39, 40.) Plaintiff responded in opposition to both motions (Docs. 41, 42), Defendant filed a brief in support of its motion to dismiss (Doc. 44), and Plaintiff filed an additional reply in opposition (Doc. 45). Based on the foregoing, the motions have been fully briefed and are ready for the Court's review.

## II. FACTUAL BACKGROUND

Despite the Court's instructions in its January 3, 2022 Order, the Amended Complaint rehashes countless transactions and events that took place from 2001 through 2019, and the facts relevant to the alleged claims are still somewhat hard to follow. (See Am.

Compl.; Doc. 30, at 11-12.) Nevertheless, the Court attempts to decipher the basis of Plaintiff's grievances as best it can. Plaintiff, a South Carolina resident, brings claims against Defendant for breach of contract, accounting, and illegal entry of safety deposit box. (Am. Compl., at 16-19.) The underlying facts start as early as June 2001 when Plaintiff executed a note and mortgage with Defendant that attached a condominium (the "Goodale Property"), as collateral. (Id. at 2.) Then in 2006, Plaintiff executed a note and security agreement on behalf of his business, Sportsman's Link, Inc. (the "Sportsman's Loan"). (Id.) Plaintiff represents that "[n]o security deed was ever executed or recorded for the Goodale Property" after the first mortgage was satisfied "in or before 2005." (Id. at 3.) As part of the Sportsman's Link Loan, Plaintiff asserts there was a third-party agreement "drafted by Defendant as an inducement . . . to allow Defendant to attempt to circumvent the lending limit restrictions prescribed by [12 U.S.C. § 12], essentially doubling the amount the bank could legally lend to Plaintiff and his business." (Id.)

In March 2007, Sportsman's Link entered Chapter 11 Bankruptcy. (Id. at 4.) In relation to this bankruptcy, Plaintiff alleges many other actions took place. He references many renewals and modifications to his loans that Defendant fraudulently and secretly did without reporting them to the Bankruptcy Court, ultimately alleging Defendant "circumvent[ed] the law." (Id. at

4-6.) Then in November 2008, Defendant foreclosed on the Goodale Property "without providing lawful notice or serving Plaintiff with the necessary documents in violation of due process." (Id. at 6.) Plaintiff makes numerous other allegations about the foreclosure, the sale of the property, the process that went along with it, and the money Defendant made from the sale. (Id. at 6-8.)

Plaintiff goes on to allege he "was sick at the time of signing [the renewal] and was not of sufficient capacity to sign this foolish and unnecessary note which ceded over to Defendant around $250,000.00 of additional unneeded collateral." (Id. at 9.) He believes his lack of capacity made what he refers to as the "Burke Note" void. (Id.) Defendant proceeded to repossess Plaintiff's vehicles and additional real estate that was listed as collateral, and Plaintiff believes Defendant sent the notices to an address it knew was incorrect. (Id. at 9-10.) Somewhere along the way there was another personal debt that was secured by two parcels of land in Columbia County and a parcel in Burke County which were also foreclosed on by Defendant without notice to Plaintiff. (Id. at 10.) Essentially, Plaintiff alleges Defendant never gave him an accounting, credit, or listing for the "wrongful" sales, never obtained a judgment against Plaintiff, and ultimately violated his due process rights. (Id. at 12-13.)

Plaintiff states "[t]he doctrine of unclean hands applies to the Defendant for all of the transactions contemplated [in the Amended Complaint]." (Id. at 13.) Plaintiff's breach of contract claim incorporates all preceding paragraphs in the Amended Complaint and appears to be based on two allegations: Defendant foreclosed on an "invalid" note in 2008, and Defendant's fraudulent acts have tolled the statute of limitations until 2018 when the wrongdoing was discovered. (Id. at 16-17.) His accounting claim again incorporates the preceding paragraphs and alleges Defendant failed to provide notice of the seizure and sale of Plaintiff's personal property or the foreclosures and failed to properly liquidate his personal property and apply the sale proceeds to his indebtedness. (Id. at 17-18.) And finally, Plaintiff's claim for illegal entry of safety deposit box simply states "Defendant willfully and illegally drilled and entered Plaintiff's safety deposit box" which was "kept open despite ten years of nonpayment." (Id.) Plaintiff had no notice of this situation as he was sick and out of the country, and he is unsure what happened to the contents of the box. (Id. at 19.)

## III. LEGAL STANDARD

In considering a motion to dismiss under Rule 12(b)(6), the Court tests the legal sufficiency of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), *overruled on other grounds by*

Davis v. Scherer, 468 U.S. 183 (1984). Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief" to give the defendant fair notice of both the claim and the supporting grounds. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). Although "detailed factual allegations" are not required, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[1] Id. (quoting Twombly, 550 U.S. at 570). The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." Id. A plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual

[1] The Court must accept all well-pleaded facts in the Amended Complaint as true and construe all reasonable inferences therefrom in the light most favorable to Plaintiff. Garfield v. NDC Health Corp., 466 F.3d 1255, 1261 (11th Cir. 2006).

enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Furthermore, "the court may dismiss a complaint pursuant to [Rule 12(b)(6)] when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993) (citing Exec. 100, Inc. v. Martin Cnty., 922 F.2d 1536, 1539 (11th Cir. 1991)).

Pursuant to the Court's January 3, 2022 Order, Plaintiff was given an opportunity to replead his complaint because the Court found it to be a shotgun pleading. (Doc. 30, at 8-12.) The Eleventh Circuit provides that "a district court must *sua sponte* give the plaintiff at least one chance to replead a more definite statement of [his] claims before dismissing [the] case with prejudice." Embree v. Wyndham Worldwide Corp., 779 F. App'x 658, 662 (11th Cir. 2019) (citation omitted). A court's order requiring repleading "comes with an implicit notion that if the plaintiff fails to comply with the court's order – by filing a repleader with the same deficiency – the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions." Vibe Micro, Inc. v. Shabanets, 878 F.3d 1291, 1295 (11th Cir. 2018) (internal quotations and citations omitted). These procedures are in place because shotgun pleadings "exact an intolerable toll on the trial court's docket, lead to unnecessary and unchanneled discovery, and

impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources." Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997).

## IV. DISCUSSION

Defendant moves to dismiss Plaintiff's Amended Complaint pursuant to Federal Rules of Civil Procedure 12(b)(6) and 41(b). (Doc. 39.) Defendant argues Plaintiff has failed to recast his complaint in accordance with the Court's instructions and even if he had remedied the defects, his allegations are still insufficient and should be dismissed for failure to state a claim. (Doc. 39-1, at 1.) Defendant also moves to strike portions of Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(f). (Doc. 40.) The Court will address Defendant's motions in turn.

### A. Motion to Dismiss

Defendant asserts Plaintiff's Amended Complaint is a shotgun pleading, arguing it should be dismissed pursuant to Rule 41(b) for failure to comply with the Court's instructions and pursuant to Rules 8(a) and 10(b) for failure to state a claim. (Doc. 39.)

1. Compliance with Court Order (Doc. 30)

The Court's January 3, 2022 Order found Plaintiff's original complaint to be an impermissible shotgun pleading. (Doc. 30, at 9-12.) Specifically, the Court found that each of Plaintiff's

claims adopted the allegations of all preceding claims without clearly describing their association with each specific offense. (Id. at 9.) Further, the Court pointed out that Plaintiff recounted years' worth of events without linking them to any specific claim. (Id.)

There are four types of shotgun pleadings: first, those "containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before . . . ." Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1321 (11th Cir. 2015). The second type is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." Id. at 1322. Third are those that do not separate each claim into a separate count. See id. at 1322-23. Fourth is the "relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts . . . or which of the defendants the claim is brought against." Id. at 1323. A pleading must only qualify as one of these four types to be an impermissible shotgun pleading.

Plaintiff argues he "more than satisfie[d] the pleading requirements" and that his Amended Complaint "in no way relies upon mere legal conclusions but contains a detailed factual account of Defendant['s] illegal practices." (Doc. 41, at 3.) While true that Plaintiff includes a detailed factual account, the facts he

recounts are numerous and are very difficult to link to his claims. Further, Plaintiff states in his response that he is bringing a claim of "unclean hands of the Defendant"; however, this is not a claim asserted in his Amended Complaint and therefore he cannot bring it for the first time in his response to the motion to dismiss.[2] (See id. at 4-5; Gilmour v. Gates, McDonald & Co., 382 F.3d 1312, 1315 (11th Cir. 2004) ("A plaintiff may not amend her complaint through argument in a brief . . . .").) The remainder of Plaintiff's response rehashes the same factual allegations previously stated in his Amended Complaint simply separated into categories based on the various foreclosed properties. (Id. at 6-12.) Plaintiff also lists so many monetary values the Court is unable to ascertain their connection to the various allegations Plaintiff attempts to bring. (See id. at 5-16.) In his second reply in opposition, Plaintiff simply states that "Defendant is once again confusing the simple nature of [his] Amended Complaint" and that his "charge is breach of contract." (Doc. 45, at 1.) Plaintiff argues "Defendant breached a security deed by using a phantom instrument(note) to seize Plaintiff's property." (Id.)

Defendant supplemented its motion to dismiss by arguing that "Plaintiff has completely failed to abide by the Court's instructions, choosing rather to add another 14 paragraphs to his

---

[2] Plaintiff simply mentioning the doctrine of "unclean hands" during his long factual recount is insufficient to put Defendant on notice of such claim when he explicitly named and numbered the claims he legitimately brings.

rambling 'factual background account' of various wrongs that he thinks he has experienced." (Doc. 44, at 1.) Further, it believes Plaintiff is simply trying to "indulge in a wide-ranging fishing expedition through discovery requests . . . all without any reason to believe that a tenable legal claim will miraculously arise from the results." (Id. at 2.) Defendant also addresses Plaintiff's mention of "unclean hands" and argues "[u]nclean hands is only appropriate as an equitable defense, which Plaintiff has no purpose to assert here because the Defendant has not filed counterclaims against Plaintiff." (Id. at 3.) Defendant also clarifies the underlying facts and characterizes the transactions and debts in a very different light than Plaintiff. (Id. at 3-10.) The Court is required to accept as true Plaintiff's version of the facts at the motion to dismiss stage unless the evidence on the record contradicts Plaintiff's assertions. See Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016) ("A district court can generally consider exhibits attached to a complaint in ruling on a motion to dismiss, and if the allegations of the complaint about a particular exhibit conflict with the contents of the exhibit itself, the exhibit controls."). Plaintiff alleges after the original mortgage was paid in full by March 2005, "[n]o other legal mortgages were placed on the Goodale Property." (Am. Compl., at 2.) However, the exhibits attached to his Amended Complaint show the Goodale Property listed on several lines of credit issued after

the alleged March 2005 date. (See e.g. Doc. 35-1, at 155, 158, 161.) Therefore, the Court cannot accept Plaintiff's version of the facts in light of his own proffered evidence. Instead, the evidence shows that "Plaintiff *continually pledged* this property as security for the business loans to Sportsman's Link, Inc. through the last note he executed August 30, 2007." (Doc. 44, at 5.)

The Court further finds that Plaintiff's Amended Complaint continues to violate the above-described "sins," and is therefore an impermissible shotgun pleading. First, two of Plaintiff's causes of action explicitly incorporate all preceding paragraphs of the Amended Complaint. (See Am. Compl., at 17, 18.) This violates the first "sin." And second, despite the Court instructing Plaintiff to eliminate extraneous material, the Amended Complaint is still replete with conclusory, vague, and immaterial facts, violating the second "sin." As pointed out above, Plaintiff recounts transactions dating back to 2001, including various loans, renewals, payments, and actions; however, he fails to clearly describe what happened in this case and the basis for each of his claims. For example, Plaintiff states he was not mentally capable to sign one of the loan renewals, yet brings a breach of contract claim presumably for breach of that same contract. (See id. at 9, 17.) Further, under his singular breach of contract claim, he mentions three different "notes," so

it is impossible to know under which contract he is bringing a claim. (See id. at 17.) The Court is unable to decipher the basis of Plaintiff's three claims due to his failure to comply with Rules 8 and 10 and the Court's prior instructions.

By incorporating prior assertions and restating irrelevant and conclusory facts under these counts, Plaintiff requires the Court and Defendant to speculate how to properly apply the factual allegations to each alleged count. See Chudasama v. Mazda Motor Corp., 123 F.3d 1353, 1359 n.9 (11th Cir. 1997) (classifying complaint as a shotgun pleading because reader must speculate as to which factual allegations pertain to which count). "When plaintiffs indiscriminately incorporate assertions from one count to another, they run afoul of Rule 8(a)(2) by 'materially increas[ing] the burden of understanding the factual allegations underlying each count.'" Cummings v. Mitchell, No. 20-14784, 2022 WL 301697, at *3 (11th Cir. Feb. 2, 2022) (quoting Weiland, 792 F.3d at 1324). And, a district court has the "inherent authority to control its docket and, in some circumstances, dismiss pleadings that fail to conform with the Federal Rules of Civil Procedure." Id. at *2 (citing Weiland, 792 F.3d at 1320).

"On a motion by the defendant, a district court may dismiss a complaint for failure . . . to obey a court order or federal rule." Beckwith v. Bellsouth Telecomms. Inc., 146 F. App'x 368, 372 (11th Cir. 2005) (citing FED. R. CIV. P. 41(b)). "Dismissal

upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." Sarhan v. Miami Dade Coll., 800 F. App'x 769, 772 (11th Cir. 2020) (internal quotations and citation omitted). But, dismissal under Rule 41(b) is only appropriate where "there is a clear record of delay or willful contempt and a finding that lesser sanctions would not suffice." Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985) (internal quotations and citations omitted). The Eleventh Circuit has held that:

> our case law "makes clear that dismissal of a complaint with prejudice [as a shotgun pleading] is warranted under certain circumstances." Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1358 (11th Cir. 2018). One circumstance is where . . . the pleader fails to remedy the problems with the complaint after being given another chance . . . to do so. See id.

Tran v. City of Holmes Beach, 817 F. App'x 911, 915 (11th Cir. 2020).

The Court finds that Plaintiff willfully disobeyed the Court's January 3, 2022 Order (Doc. 30) by re-filing his Amended Complaint replete with the same issues the Court instructed him to fix. When faced with a shotgun pleading, the Court is required to give the plaintiff a chance to replead a more definite statement before dismissing the case with prejudice, and that chance was already given. See Embree, 779 F. App'x at 662 (citing Vibe Micro, 878 F.3d at 1296). Lesser sanctions would not suffice in this case because Plaintiff has repled his complaint and has still

failed to file a cohesive legal pleading that follows Rules 8(a)(2) and 10(b). Based on this, the Court finds Plaintiff's Amended Complaint (Doc. 35) is a "shotgun pleading" and **GRANTS** Defendant's motion to dismiss (Doc. 39). Plaintiff's Amended Complaint shall be **DISMISSED WITH PREJUDICE.**

2. Failure to State a Claim

Having found Plaintiff's Amended Complaint to be an impermissible shotgun pleading and not in compliance with the Court's January 3, 2022 Order, the Court will not address Defendant's remaining arguments for dismissal. (See Doc. 39-1, at 6-20.)

**B. Motion to Strike**

Defendant also moves to strike paragraphs 11, 12, 15, 17, 34, 54, 55, a portion of paragraph 60, and a portion of paragraph 61 from Plaintiff's Amended Complaint. (Doc. 40.) Having dismissed Plaintiff's Amended Complaint as an impermissible shotgun pleading, Defendant's motion to strike is **DENIED AS MOOT.**

## V. CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's motion to dismiss (Doc. 39) is **GRANTED** and Defendant's motion strike (Doc. 40) is **DENIED AS MOOT.** This matter is **DISMISSED WITH PREJUDICE** and the Clerk is **DIRECTED** to **TERMINATE** all pending motions and deadlines, if any, and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 10th day of May, 2022.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA